IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENNENTH LAMONT CHAPLIN | * | |
| | * | |
| v. | * | Civil No. – JFM-12-794 |
| | * | Criminal No. JFM-05-0186 ✓ |
| UNITED STATES OF AMERICA | * | |

******

## MEMORANDUM

Kenneth Lamont Chaplin has filed a motion under 28 U.S.C. §2255. He pled guilty to the crime of bank robbery on October 24, 2005, before the Honorable Andre M. Davis. The present motion alleges ineffective assistance of counsel in four respects. None of the arguments made by Chaplin are meritorious, and this motion will be denied.

1. <u>Alleged Ineffective Assistance in Failing to Object to the Rule 11 Colloquy</u>

Chaplin pled guilty on the day of trial. Prior to the trial Judge Davis asked his counsel, to the extent that counsel were comfortable doing so, to state on the record whether he had communicated any plea offer that had been made to Chaplin. When asked to do so, Judge Davis explained that the reason for his question was that it appeared that the government's evidence was quite strong, and Judge Davis wanted to foreclose the probability that a section 2255 would be filed in the event that Chaplin was convicted. Judge Davis did not, however, involve himself in any plea negotiations and made a point of not doing so. Further, Judge Davis made sure when he finally accepted Chaplin's plea that Chaplin was not pleading guilty in order to please Judge Davis.

Under these circumstances it was not at all ineffective for counsel not to object to the

Rule 11 colloquy. If Judge Davis had engaged in plea negotiations, an objection to the colloquy would have been appropriate. *See United States v. Bradley*, 455 F.3d 453 (4th Cir. 2006). However, as stated, Judge Davis did not interject himself in plea negotiations in any respect.

2. Ineffective Assistance of Counsel in Not Filing an Appeal

Chaplin's contention that his counsel was ineffective in not filing an appeal is frivolous in light of the fact that Judge Davis previously permitted Chaplin to file a late notice of appeal.

3. Ineffective Assistance of Counsel in Connection with the Calculation of His Criminal History

The presentence report added two points because one of Chaplin's trial convictions, a 2004 theft conviction, resulted in a sentence of six months. In fact, the record reflects that the presentence report was correct because, despite Chaplin's bald statement that he received only a fine in connection with the offense, he in fact received a six month jail sentence.

4. Alleged Ineffective Assistance of Counsel on Appeal

Chaplin argues that his counsel as ineffective on appeal because of the two points added for the 2004 theft conviction and because two other points were added under Sentencing Guideline 4A1.1(a), the former "recency" provision. As just stated, two points were properly added for the 2004 theft conviction. As to the two points being added under the recency provision, although Amendment 742 of the Sentencing Guidelines did remove that provision, the Amendment took effect subsequent to defendant's sentencing, and courts have considered the issue had been uniform pending the amendment not to be retroactive. *See United States v. Lewis*, 451 Fed. Appx. 294, (4th Cir. 2011); *United States v. Scott*, 654 F.3d 552, 557-58 (5th Cir. 2011).

A separate order denying Chaplin's motion is being entered herewith.

Date: 7/3/12

_____
J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2012 JUL -3 P 3:00
CLERK'S OFFICE
AT BALTIMORE
BY____